UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRIN ROBINSON                                     CIVIL ACTION

VERSUS                                              NUMBER:  04-1285

JAMES M. LEBLANC, WARDEN                            SECTION:  "R"(5)

**REPORT AND RECOMMENDATION**

Pursuant to the re-opening of this matter and a re-referral by the District Judge, presently

before the Court is the amended habeas application of petitioner, Darrin Robinson, the State's

response to petitioner's amended habeas application, and petitioner's traverse to the State's

response.  (Rec. docs. 21, 11, 30, 38).  Having determined that an evidentiary hearing is not

necessary, it is recommended, for the reasons that follow, that Robinson's amended habeas

application be dismissed with prejudice.

The procedural history culminating in the Court's consideration of Robinson's amended

habeas petition is long indeed and, in an effort to conserve scarce judicial resources, will not be

recounted in full here but only to the extent necessary to resolve the matter at hand.  On October 10,

1991, Robinson was found guilty of aggravated burglary and attempted simple burglary of an

inhabited dwelling following a jury trial in the Orleans Parish Criminal District Court.   On

November 5, 1991, Robinson was sentenced to twenty-five years as to the aggravated burglary count

and six years as to the attempt count, said sentences to be served consecutively.  Based on a previous

firearm conviction, the State moved for an enhancement of Robinson's sentence under LSA-R.S.

15:529.1.  Following a hearing on November 19, 1991, Robinson was adjudicated a second felony

offender as charged and was resentenced to fifty years as to the aggravated burglary count under

R.S. 15:529.1.

In due course, Robinson was granted an out-of-time direct criminal appeal.  As assignment

of error number six in the appellate brief that court-appointed counsel filed on Robinson's behalf,

it was alleged that "[t]he trial judge erred by incorrectly sentencing the appellant to an illegally

lenient sentence" because the trial judge failed to state that Robinson's sentence was to be served

without benefit of parole, probation, or suspension of sentence.  Under the rubric of that same

assignment of error, counsel further argued as follows:

> [a]dditionally, the transcript of the sentencing imposed after the multiple
> offender adjudication does not evidence that the original sentence of November 5,
> 1991 was vacated prior to the imposition of the enhanced sentence of November 19,
> 1991.  (Multiple Bill Hearing transcript p. 6).  The vacating of the sentence is
> reflected in the minute entry of November 10, 1991 and the commitment order.
> (Record p. 25 & p. 46).
> Consequently, the appellant's sentences should be vacated and remanded for
> resentencing in accordan[ce] with State v. Desdunes, 579 So.2d 452 (La. 1991) and
> State v. Husband, 593 So.2d 1257 (La. 1992).

On October 27, 1994, the Louisiana Fourth Circuit Court of Appeal affirmed Robinson's

conviction and sentence in an unpublished opinion.  State v. Robinson, 644 So.2d 1166 (La.App.

4th Cir. 1994)(table).  In passing upon assignment of error number six, the Louisiana Fourth Circuit

first noted that R.S. 15:529.1 did not bar parole eligibility and that none of Robinson's sentence had

been suspended.  As for the alternative argument advanced by Robinson under that assignment of

error, the Louisiana Fourth Circuit ruled as follows:

> [t]he appellant's second contention is that the trial court failed to vacate the
> original sentence on count one before imposing a sentence under the multiple bill.
> While the transcript does not reflect that the trial court stated that the sentence was
> vacated, the commitment order signed by the judge affirmatively vacates the

sentence imposed previously on the defendant.  The appellant has cited no authority which would suggest that the commitment order signed by the trial judge is insufficient.

Robinson, No. 94-KA-0434
(unpub. op. at 10-11).

From the Louisiana Fourth Circuit's unfavorable decision, Robinson took writs to the Louisiana Supreme Court which were denied without written reasons on June 23, 1995.  State v. Robinson, 656 S.2d 1009 (La. 1995).  Robinson's conviction and resulting sentences became final ninety days later when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See Louisiana Supreme Court Rule X, §5(a); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000).

After unsuccessfully seeking post-conviction relief from the trial court, Robinson filed a "Motion to Correct an Illegal Sentence" in which he argued, inter alia, that his fifty year sentence was "... illegally lenient where [the] trial judge failed to vacate [the] original sentence before imposing [a] new sentence under the habitual offender statute."  When that matter, and the appeals from it, failed to produce the desired result, Robinson changed the focus of his challenge via a "Petition for Judicial Review" he filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  In that petition, instead of attacking the fifty year sentence that was imposed pursuant to R.S. 15:529.1, and under which he was not entitled to accumulate "good time" credits, Robinson sought an order directing the Louisiana Department of Corrections (DOC") to "recalculate" his release date according to the terms of his original twenty-five year sentence. Relying on Hudson v. Day, 703 So.2d 702 (La.App. 1st Cir. 1997), a judge of the Nineteenth Judicial District Court rendered judgment in Robinson's favor on September 8, 2000, ordering the DOC to amend its records "... to reflect the [p]etitioner's good time eligibility on the original sentence [,] if

he is otherwise eligible [,] as he was not properly sentenced as an Habitual Offender on November 19, 1991, therefore, the sentence is without effect."[1]/

Upon learning of the ruling of the Nineteenth Judicial District Court, which effectively reduced by more than one-half the sentence that had been imposed on November 19, 1991, the prosecution filed its own "Motion to Correct Illegal Sentence" in the state convicting court.  In that motion, the State argued, just like Robinson had done in his Petition for Judicial Review, that the enhanced fifty-year sentence was null because the original twenty-five year sentence had not been vacated first.  Pursuant to the State's motion, Robinson was promptly returned to the state trial court which, on October 30, 2000, formally vacated the original twenty-five year sentence and reimposed a sentence of fifty years under R.S. 15:529.1, this time ordering that said sentence be served concurrently with Robinson's attempted burglary sentence.  At no time during the October 30, 2000 proceeding did Robinson or his court-appointed counsel argue that the state convicting court lacked jurisdiction to take the action it did.

Robinson directly appealed his October 30, 2000 resentencing, with appointed counsel asserting three assignments of error on his client's behalf and Robinson urging three additional assignments of error in a pro se supplement brief.  On April 24, 2002, the Louisiana Fourth Circuit reinstated and reaffirmed the fifty-year sentence that had been imposed on November 19, 1991. State v. Robinson, 818 So.2d 246 (La.App. 4th Cir. 2002).  In so doing, the Louisiana Fourth Circuit

---

[1]/ In the interim, Robinson had unsuccessfully challenged his conviction and sentencing as a multiple offender on numerous grounds in a prior habeas proceeding in this Court, Robinson v. Cain, 98-CV-2654 "R"(5).  Robinson subsequently sought permission from the U.S. Fifth Circuit Court of Appeals to file this successive habeas petition which was denied as unnecessary because his October 30, 2000 resentencing occurred after the dismissal of his first habeas petition.  In re: Robinson, No. 04-30246 (5th Cir. April 6, 2004)(unpublished order).

disposed of Robinson's jurisdiction-related argument as follows:

> Robinson maintains that the trial court should not have acted upon the State's motion to correct the sentence because the sentence as imposed by the 19th JDC was legal and the venue proper.  Robinson in his second *pro se* assignment contends that the trial court in Orleans Parish lacked jurisdiction to re-sentence him on 30 October 2000.  As part of the discussion, counsel suggests that vindictiveness played a part in the appellant's re-sentencing, and that point is Robinson's second *pro se* argument.

> The appellant argues that the trial court in Orleans Parish lacked jurisdiction to vacate a sentence that had already been vacated by the 19th JDC.  He maintains that when the 19th JDC vacated his habitual offender sentence and re-imposed the twenty-five year sentence, his case was closed.

> As to the question of venue, La. R.S. 15:571.15, the statute governing venue for actions contesting computation of sentence, discharge, parole, and good time dates, mandates that all such actions shall be brought in the parish of East Baton Rouge.  Thus, the 19th JDC has jurisdiction over questions concerning the computation of discharge times for prisoners.  However, the 19th JDC has no jurisdiction to review or modify a sentence imposed by another district court.  Thus, the 19th JDC's decision to reinstate the twenty-five year sentence originally imposed by the Orleans parish Criminal District Court is a nullity and without force and effect.  Further, Robinson offers no evidence that the 19th JDC vacated his habitual offender sentence. The record contains a judgment stating that the 19th JDC considered *de novo* the entire record in this case and concluded that Robinson was serving a twenty-five year sentence because he "was not properly sentenced as a multiple offender."  No transcript of the hearing is in the record on appeal.  No reasons are given for the 19th JDC's action.  The appellant argued in his original appeal and in several *pro se* writs that when he was originally sentenced in 1991 the trial court in Orleans Parish did not vacate his twenty-five year term before imposing the habitual offender sentence of fifty years.  In his original appeal, when he complained as an assignment of error that the sentencing transcript does not so indicate, this court stated that

>> the commitment order **signed by the judge** affirmatively vacates the sentence imposed  previously on the defendant.  The appellant has cited no authority which would suggest that the commitment order signed by the trial judge is insufficient. [Emphasis in original.]
>> *State v. Robinson, supra* at p. 10.

> Louisiana Courts of Appeal have not agreed on this issue.  The First Circuit has remanded cases so that original sentences could be vacated prior to multiple bill sentences being imposed.  *Hudson v. Day*, 96-2428 (La.App. 1 Cir. 11/7/97), 703 So.2d 702.  (The 19th JDC, as part of the First Circuit, followed that position in this case.)  In *Hudson*, an inmate of the Department of Public Safety and Corrections ("DOC") claimed that the DOC failed to recognize his eligibility for good time.  As

in the case at bar, the commitment order showed that the original sentence had been vacated, but the transcript of the multiple bill sentencing did not. The First Circuit held that the original sentence remained in effect.

The Louisiana Supreme Court addressed the issue in *State v. Mayer*, 99-3124 (La. 3/31/00), 760 So.2d 309, reversing the Fifth Circuit when it took similar action. The minute entry and commitment form reflected that the trial court vacated the original sentence, but the transcript did not so reflect. The Fifth Circuit vacated the multiple offender sentence and remanded the case for re-sentencing. The Supreme Court granted writs on that sole issue, and vacated the Fifth Circuit's order, reinstating the defendant's multiple offender sentence as imposed by the trial court. The court in a per curiam opinion stated:

> To the extent that the October 30, 1998 commitment/ minute entry reflects that the trial judge vacated the defendant's original sentence and thereby eliminated any possible confusion as to the terms of the defendant's confinement, the failure of the transcript of the multiple offender hearing to show that the court did so before sentencing the defendant as a multiple offender did not affect the substantial rights of the defendant. La.C.Cr.P. art. 921; see *State ex rel. Haisch v. State*, 575 So.2d 816 (La. 1991) ("The trial court is ordered to vacate the twenty-one year sentence it first imposed coincidentally with its imposition of the enhanced sentence. See La.R.S. 15:529.1(D).")

*Mayer*, 760 So.2d at 310.

The minute entry and commitment form in the case at bar indicate that the trial court vacated the original sentence. The 19th JDC's action occurred on 8 September 2000. The Supreme Court's decision in *Mayer* was handed down on 31 March 2000. Thus, the 19th JDC's action was erroneous on two counts. First the 19th JDC did not have *jurisdiction* to reinstate Robinson's twenty-five year sentence because a sentence can only be modified or corrected in the trial court that entered it; Robinson's claim before the 19th JDC did not deal with the computation of the sentence, discharge, parole, or good time dates. Secondly, the court did not adhere to the Supreme Court's decision in *Mayer*.

The State's action in bringing a motion to correct an illegal sentence was proper. The 19th JDC had no authority to change the appellant's sentence, and the record on appeal does not show that the sentence was vacated. Thus, the trial court was not required to vacate a sentence and then re-sentence the appellant to fifty years at hard labor as a second offender. In *State v. Norwood*, 01-0432 (La.App. 4 Cir. 8/29/01), 802 So.2d 721, this court considered the same circumstances and, following *Mayer*, reinstated the original multiple offender sentence. Similarly, the fifty-year sentence imposed on 19 November 1991, was in compliance with the law, and, therefore, this court is required to reinstate the sentence imposed on the appellant as a second

6

offender under La. R.S. 15:529.1.

As to the question of vindictiveness, both counsel and the appellant *pro se* argue that the appellant's litigiousness led the DOC to notify the district attorney to suggest reopening proceedings against the appellant. In argument, counsel maintains that evidence *could have been found* to prove that the action of the DOC was unusual and, therefore, suspect. However, no such was offered. The appellant *pro se* argues that 19th JDC acted lawfully, yet the DOC warden had the Orleans Parish district attorney bring an action to override the 19th JDC. As previously noted, the issue of the earlier sentence not being vacated prior to the imposition of the habitual offender sentence was resolved in this court's 1994 opinion in this matter. Furthermore, the Supreme Court's decision in *Mayer* reiterated the holding on the issue. Robinson continues to argue the same issue and concludes that he is the victim of vindictiveness rather than acknowledge that his argument is wrong even though every court has reached the same conclusion except the 19th JDC, which had no *jurisdiction* to consider the issue.

No merit exists in this assignment.

Robinson, 818 So.2d at 250-52.

Following the unfavorable decision of the Louisiana Fourth Circuit, Robinson sought writs from the Louisiana Supreme Court based on five assignments of error. (St.ct. rec., vol. 11 of 11). That writ application was denied on June 20, 2003. State v. Robinson, 847 So.2d 1222 (La. 2003). Robinson then initiated this federal habeas proceeding, initially advancing three claims, two of which had not been exhausted in the state court system. Accordingly, his petition was dismissed without prejudice on non-exhaustion grounds and a certificate of appealability was denied by the U.S. Fifth Circuit. (Rec. docs. 12, 18). Thereafter, Robinson moved to re-open this matter for consideration of the properly-exhausted claim set forth in his amended petition. (Rec. docs. 19, 11). That motion being granted, the matter is now once again before the Court for consideration. (Rec. doc. 21).

In his amended habeas petition, Robinson frames the issue for judicial review as follows:

1(a) PETITIONER WAS DEPRIVED OF DUE PROCESS AS GUARANTEED BY

THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHERE THE TRIAL COURT LACKED JURISDICTION TO GRANT THE STATES MOTION TO CORRECT AN "ILLEGAL" SENTENCE AND INCREASED PETITIONER'S "LEGAL" SENTENCE. (b) PETITIONER WAS DENIED DUE PROCESS ON APPEAL BY THE APPELLATE COURT DEVIATING FROM THE PROPER APPELLATE PROCESS WHICH DEPRIVED PETITIONER OF A MEANINGFUL APPEAL, AND SUBJECTED PETITIONER TO VINDICTIVENESS.

(Rec. doc. 11, p. 8).

It is axiomatic that federal habeas corpus relief is available only to remedy violations of the Constitution or laws of the United States; mere violations of state law will not suffice. 28 U.S.C. §2254(a); Engle v. Issac, 456 U.S. 107, 102 S.Ct. 1558 (1982); Bailey v. Procunier, 744 F.2d 1166, 1168 (5th Cir. 1984). Federal law is equally clear that because sentence enhancement proceedings are not determinative of guilt or innocence, an accused does not possess the full range of due process and other constitutional rights normally attendant to such an adjudication. See Buckley v. Butler, 825 F.2d 895, 902-03 (5th Cir. 1987), cert. denied, 486 U.S. 1009, 108 S.Ct. 1738 (1988). Finally, a state's failure to follow its own sentencing procedures is not reviewable through federal habeas proceedings. Joseph v. Butler, 838 F.2d 786, 789 n.2 (5th Cir. 1988); Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987), cert. denied, 484 U.S. 1014, 108 S.Ct. 717 (1988); Jones v. Estelle, 622 F.2d 124, 126 (5th Cir.), cert. denied, 449 U.S. 996, 101 S.Ct. 537 (1980).

Regardless of the spin Robinson places on the proceedings surrounding his sentencing, the Court is constrained to conclude that the matters of which he complains concern mere violations of state law that are not redressable on federal habeas grounds. This conclusion is buttressed by a review of the writ application Robinson submitted to the Louisiana Supreme Court in the wake of his October 30, 2000 resentencing. In that writ application, Robinson presented the following "issues to consider:"

8

1)      Whether the Fourth Circuit Court of appeal ha[d] authority to overrule a judgment made by the 19th Judicial District Court?

2)      Whether the Fourth Circuit Court of Appeal exceeded its authority by taking it upon itself to reinstate petitioner's November 19, 1991 sentence which increased petitioner's sentence?

3)      Whether the Fourth Circuit Court of Appeal abused its discretion by ruling on issues not raised in the assignment of error?

4)      Whether the petitioner was denied the right to a full judicial review in violation of Article 1, Section 10 of the Louisiana Constitution of 1974, where the Fourth Circuit failed to make a specific ruling on the merits of each of the assignments of error raised on appeal?

5)      Whether the trial court had the authority to grant the State's motion to correct illegal sentence under Article 882 after the time for filing such matter had expired and where the State failed to file a motion to reconsider sentence?

> (St. ct. rec., vol. 11 of 11,
> writ app. no. 02-K0-2064
> at p. 7).

The arguments advanced by Robinson in that writ application were premised almost entirely on state law. Only under his second asserted assignment of error did Robinson refer to any federal statutory law or jurisprudence at all -- a mere cite to United States v. Goodwin, 457 U.S. 368, 376, 102 S.Ct. 2485, 2490 (1982) for the proposition that the doctrines of stare decisis, res judicata, double jeopardy, and notions of finality militate against the retrial of issues that have already been decided. In Goodwin, "[t]he question presented ... [was] whether a presumption that has been used to evaluate a judicial or prosecutorial response to a criminal defendant's exercise of a right to be retried after he has been convicted should also be applied to evaluate a prosecutor's pretrial response to a defendant's demand for a jury trial." Id. at 369-70, 102 S.Ct. at 2487. Goodwin involved the direct criminal appeal of a federal defendant and the Supreme Court's resolution of the limited question before it has little application to Robinson's situation. When one considers Robinson's

sentencing-related proceedings as a whole, the dicta in Goodwin that he relies upon actually undercuts his position. Robinson challenged his sentencing as a multiple offender in his direct criminal appeal to the Louisiana Fourth Circuit which affirmed same in an unpublished opinion which it obviously felt had little precedential value. Although asked to do so, the Louisiana Supreme Court declined to disturb the decision of the Louisiana Fourth Circuit and Robinson's conviction and sentence became final in September of 1995. If the "notions of finality" spoken of in Goodwin mean anything at all, they should have attached to Robinson's sentencing and made it a dead issue from that point forward.

Invoking what was the novel argument of the day, Robinson then sought to persuade the state courts that his enhanced sentence was "illegally lenient" because his original sentence had not been formally vacated first.[2]/ In fact, in the "Motion to Correct an Illegal Sentence" that he filed in 1996, Robinson sought the very relief that he would later get in October of 2000 – his resentencing. When that motion and attempts at securing post-conviction relief were unsuccessful, Robinson went forum shopping and, availing himself of the inconsistent treatment of the issue by the state appellate courts, petitioned the Nineteenth Judicial District Court to calculate his entitlement to good time credits and his resulting release date. Relying on Hudson v. Day, 703 So.2d 702 (La.App. 1st Cir. 1997), the Nineteenth Judicial District Court ultimately ruled in Robinson's favor and ordered the DOC to amend its records to reflect that he was eligible for good time credits on his original sentence. In the course of those proceedings, the state court commissioner who initially considered the matter aptly noted that "[t]he petitioner does not dispute that he has been adjudged an habitual offender,

---

[2]/ See Perkins v. Cain, 163 F.3d 1354 (5th Cir. 1998)(table); Powell v. State of Louisiana, 48 F.3d 530 (5th Cir. 1995)(table); Green v. Cain, No. 97-CV-2084 "C"(5).

or that he is, in <u>fact</u>, an habitual offender." Although the Nineteenth Judicial District Court's judgment recited that Robinson "... was not properly sentenced as an habitual offender no (sic) November 19, 1991, therefore the sentence is without effect," that court did not formally "vacate" the fifty year sentence any more than the trial judge had done so on November 19, 1991 with respect to Robinson's original twenty-five year sentence.

Robinson was thus successful, albeit temporarily, in having a court other than the original sentencing court effectively reduce his punishment by more than one half. Understandably concerned over this turn of events, the prosecution moved the trial court, as Robinson had done previously, to go through the ministerial task of formally vacating his original sentence before imposing an enhanced sentence under R.S. 15:529.1. At no time did Robinson or his court-appointed attorney argue that the trial court lacked jurisdiction over the matter and he was accordingly resentenced on October 30, 2000. Robinson actually benefitted by this action inasmuch as the fifty year sentence was this time ordered to run concurrently with his burglary sentence, thereby shortening his prison term by six years. Not content with this form of prosperity, Robinson subsequently appealed his resentencing to the Louisiana Fourth Circuit. Unfortunately for him, that tribunal saw through his game of semantics and forum shopping and proceeded to reinstate and reaffirm the enhanced sentence that was imposed on November 19, 1991. For the second time, the Louisiana Supreme Court was petitioned to reverse the appellate court's decision and for the second time, it declined to do so. Thus, after protracted machinations in the state courts over a span of approximately ten years, Robinson was returned to the position he was in when his conviction and sentences originally became final in September of 1995.

Thus, twice (in 1994-1995 and again in 2002-2003) the state's intermediate court and the

11

state's highest court were asked to pass on the legality of Robinson's enhanced sentence and on all

four occasions those courts found the sentence to be valid under the law.  Following Robinson's re-

sentencing in 2000, the intermediate appellate court found that the court of conviction, and not the

Nineteen Judicial District Court, had jurisdiction to take the action it did and the Louisiana Supreme

Court, in turn, found no error in the Louisiana Fourth Circuit's decision.  The Louisiana Supreme

Court's resolution of Robinson's jurisdictional issues would normally operate to bar habeas review.

See, e.g., Alexander v. McCotter, 775 F.2d 595, 598-99 (5th Cir. 1985).  To the extent that state rules

of appellate procedure were allegedly not complied with, Robinson's recourse was to bring those

alleged failures to the attention of the Louisiana Fourth Circuit or the Louisiana Supreme Court.

However, those alleged failures do not become errors of constitutional magnitude simply because

they were decided adversely to Robinson.  At the conclusion of his ten-year journey through the

state court system, Robinson found himself in the same position from which he had originated.

Stripped to essentials, petitioner's allegations involve only the state's failure to follow its own

sentencing procedures which are not reviewable through federal habeas proceedings.  Joseph, 838

F.2d at 789 n. 2; Haynes, 825 F.2d at 924; Jones, 622 F.2d at 126.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the amended application for federal habeas

corpus relief of Darrin Robinson be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation contained in a magistrate judge's report and recommendation within 10 days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United States Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  24th  day of _____July_____, 2007.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE